McGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

**FILED**

OCT 24 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Attorneys for Plaintiff
United States of America

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMAINE DONTAE BARNES, <br>     also known as "Twin," "Twin Rich," "Rych Twyn," and "Jamaine Daboss," <br> JAMAR DEONTAE BARNES, <br> KAVIEO DAESHAUN LEE WILEY, <br>     also known as "Clout," <br> VINCENT ISAIAH PATTERSON, <br> KADRENA LATRICE WATTS, <br> CHEVELE BERNARD RICHARDSON, <br>     also known as "Flipp," or "Flip," and <br> LAMONT MONTEZ THIBODEAUX, <br><br> Defendants. | CASE NO. 2:19-CR-00091-MCE <br><br> 21 U.S.C. § 848 – Continuing Criminal Enterprise; 21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Fentanyl, Methamphetamine, Heroin, and U-47700; 21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute *N*-ethylpentylone and U-47700; 21 U.S.C. § 841(a)(1) – Distribution of Fentanyl; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine (5 Counts); 21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine (2 Counts); 21 U.S.C. § 860a – Possession with Intent to Distribute Methamphetamine on a Premises where Children are Present; 18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime (3 Counts); 21 U.S.C. § 841(a)(1) – Manufacture of Methamphetamine; 21 U.S.C. § 860a – Manufacture of Methamphetamine on a Premises where Children Reside; 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm (3 Counts); 18 U.S.C. § 1956(a)(2)(A) – Money Laundering (4 Counts); 21 U.S.C. §§ 846, 841(a)(1) – Attempt to Possess with Intent to Distribute a Controlled Substance; 21 U.S.C. § 843(b) - Use of a Communication Facility to Facilitate a Drug Trafficking Offense (2 Counts); 21 U.S.C. § 853(a), 18 U.S.C. §§ 924(d)(1), 982(a)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

S U P E R S E D I N G   I N D I C T M E N T

1

COUNT ONE:  [21 U.S.C. § 848 – Continuing Criminal Enterprise]

The Grand Jury charges:  T H A T

JAMAINE DONTAE BARNES,

defendant herein, as follows:

1.      Beginning on a date unknown to the Grand Jury, but no later than on or about September 27, 2015, and continuing through on or about May 16, 2019, in the County of San Joaquin, State and Eastern District of California, and elsewhere, JAMAINE DONTAE BARNES did engage in a continuing criminal enterprise, in that he did knowingly and intentionally violate Title 21, United States Code, Sections 841(a)(1), 846, and 860a, including, but not limited to, the violations set forth in Counts Two through Ten and Fourteen through Fifteen of this Superseding Indictment.

2.      The above violations were part of a continuing series of violations undertaken by JAMAINE DONTAE BARNES.

3.      JAMAINE DONTAE BARNES undertook this continuing series of violations in concert with five or more other persons with respect to whom JAMAINE DONTAE BARNES occupied a position of organizer, supervisor, and manager.

4.      JAMAINE DONTAE BARNES obtained substantial income and resources from this continuing series of violations.

All in violation of Title 21, United States Code, Section 848.

COUNT TWO:  [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Fentanyl, Methamphetamine, Heroin, and U-47700]

The Grand Jury further charges:  T H A T

JAMAINE DONTAE BARNES,
JAMAR DEONTAE BARNES,
KAVIEO DAESHAUN LEE WILEY,
VINCENT ISAIAH PATTERSON,
KADRENA LATRICE WATTS, and
CHEVELE BERNARD RICHARDSON,

defendants herein, beginning on a date unknown to the Grand Jury, but no later than September 27, 2015, and continuing through on or about May 16, 2019, in the County of San Joaquin, State and Eastern District of California, and elsewhere, did conspire and agree with each other and with persons

known and unknown to the Grand Jury to knowingly and intentionally manufacture, distribute, and possess with intent to distribute controlled substances, including but not limited to the following: fentanyl, a Schedule II Controlled Substance; at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; heroin, a Schedule I Controlled Substance; and U-47700 (a synthetic opioid), a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

The Grand Jury further charges: T H A T

JAMAR DEONTAE BARNES,

defendant herein, committed this offense after a prior conviction for a serious drug felony had become final, specifically, Possession with Intent to Distribute MDMA, in violation of 21 U.S.C. § 841(a)(1), on or about March 31, 2008, in the Northern District of California, for which defendant served a term of imprisonment of more than 12 months, and for which defendant's release from any term of imprisonment, on or about April 24, 2011, was within 15 years of the commencement of the instant offense.

COUNT THREE:  [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute $N$-ethylpentylone and U-47700]

The Grand Jury further charges: T H A T

JAMAINE DONTAE BARNES,

defendants herein beginning on a date unknown to the Grand Jury, but no later than September 27, 2015, and continuing through on or about June 12, 2018, in the County of San Joaquin, State and Eastern District of California, and elsewhere, did conspire and agree with persons known and unknown to the Grand Jury to knowingly and intentionally manufacture, distribute, and possess with intent to distribute $N$-ethylpentylone, a controlled substance analogue as defined in 21 U.S.C. § 802(32), with intent for human consumption as provided in 21 U.S.C. § 813, and U-47700, a controlled substance analogue as defined in 21 U.S.C. § 802(32), with intent for human consumption as provided in 21 U.S.C. § 813, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

COUNT FOUR:  [21 U.S.C. § 841(a)(1) – Distribution of Fentanyl]

The Grand Jury further charges: T H A T

JAMAINE DONTAE BARNES,

1  defendant herein, on or about October 19, 2018, in the County of San Joaquin, State and Eastern District

2  of California, did knowingly and intentionally distribute fentanyl, a Schedule II Controlled Substance, in

3  violation of Title 21, United States Code, Section 841(a)(1).

4  COUNT FIVE:  [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine]

5      The Grand Jury further charges: T H A T

6                          JAMAINE DONTAE BARNES,

7  defendant herein, on or about April 26, 2019, in the County of San Joaquin, State and Eastern District of

8  California, did knowingly and intentionally possess with intent to distribute at least 50 grams of a

9  mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled

10  Substance, in violation of Title 21, United States Code, Section 841(a)(1).

11  COUNT SIX:  [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine]

12      The Grand Jury further charges: T H A T

13                     JAMAINE DONTAE BARNES, and
                        VINCENT ISAIAH PATTERSON, and

14

15  defendants herein, on or about May 8, 2019, in the County of San Joaquin, State and Eastern District of

16  California, and elsewhere, did knowingly and intentionally attempt to distribute at least 50 grams of a

17  mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled

18  Substance, in violation of Title 21, United States Code, Section 841(a)(1).

19  COUNT SEVEN:  [21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine]

20      The Grand Jury further charges: T H A T

21                     JAMAINE DONTAE BARNES, and
                        KAVIEO DAESHAUN LEE WILEY,

22

23  defendants herein, on or about May 9, 2019, in the County of San Joaquin, State and Eastern District of

24  California, did knowingly and intentionally distribute at least 50 grams of a mixture or substance

25  containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of

26  Title 21, United States Code, Section 841(a)(1).

27  ///

28  ///

1  COUNT EIGHT:  [21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine]

2      The Grand Jury further charges: T H A T

3                    JAMAINE DONTAE BARNES, and
                     KAVIEO DAESHAUN LEE WILEY,
4

5  defendants herein, on or about May 14, 2019, in the County of San Joaquin, State and Eastern District of

6  California, did knowingly and intentionally distribute at least 500 grams of a mixture or substance

7  containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of

8  Title 21, United States Code, Section 841(a)(1).

9  COUNT NINE:  [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine]

10     The Grand Jury further charges: T H A T

11                   JAMAINE DONTAE BARNES,
                     KAVIEO DAESHAUN LEE WILEY, and
12                   VINCENT ISAIAH PATTERSON

13  defendants herein, on or about May 16, 2019, at 4410 N. Pershing Avenue, Suite C-24, in the City of

14  Stockton, County of San Joaquin, State and Eastern District of California, did knowingly and

15  intentionally possess with intent to distribute at least 500 grams of a mixture or substance containing a

16  detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21,

17  United States Code, Section 841(a)(1).

18  COUNT TEN:  [21 U.S.C. § 860a – Possession with Intent to Distribute Methamphetamine on a
                   Premises where Children are Present]
19

20     The Grand Jury further charges: T H A T

21                   JAMAINE DONTAE BARNES, and
                     KAVIEO DAESHAUN LEE WILEY,
22

23  defendants herein, on or about May 16, 2019, at 4410 N. Pershing Avenue, Suite C-24, in the City of

24  Stockton, County of San Joaquin, State and Eastern District of California, did knowingly and

25  intentionally possess with intent to distribute methamphetamine, a Schedule II Controlled Substance, as

26  alleged in Count Nine of this Superseding Indictment, on premises in which an individual who was

27  under the age of 18 years was present, in violation of Title 21, United States Code, Section 860a.

28  ///

INDICTMENT                              5

1   COUNT ELEVEN:  [18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug
2                                                    Trafficking Crime]

3           The Grand Jury further charges: T H A T

4                                   JAMAINE DONTAE BARNES,
                                KAVIEO DAESHAUN LEE WILEY, and
5                                  VINCENT ISAIAH PATTERSON,

6   defendants herein, on or about May 16, 2019, at 4410 N. Pershing Avenue, Suite C-24, in the City of

7   Stockton, County of San Joaquin, State and Eastern District of California, did, in furtherance of a drug

8   trafficking crime that can be prosecuted in a Court of the United States, specifically, possession with

9   intent to distribute methamphetamine, as alleged in Count Nine of this Superseding Indictment,

10  knowingly possess a firearm, specifically, a .40 caliber Ruger P94 handgun, with serial number 341-

11  45374, and a PLR-16 5.56mm KEL-TEC CNC INC, with serial number PB590, in violation of Title 18,

12  United States Code, Section 924(c)(1)(A).

13  COUNT TWELVE:  [18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug
                                                    Trafficking Crime]
14

15          The Grand Jury further charges: T H A T

16                                   JAMAINE DONTAE BARNES,

17  defendant herein, on or about May 16, 2019, at 4410 N. Pershing Avenue, Suite C-24, in the City of

18  Stockton, County of San Joaquin, State and Eastern District of California, did, in furtherance of a drug

19  trafficking crime that can be prosecuted in a Court of the United States, specifically, engaging in a

20  continuing criminal enterprise, as alleged in Count One of this Superseding Indictment, and conspiracy

21  to manufacture, distribute and possess with intent to distribute fentanyl, methamphetamine, heroin, and

22  U-47700, as alleged in Count Two of this Superseding Indictment, knowingly possess a firearm,

23  specifically, a BERSA Thunder .380 caliber handgun, with serial number 809050, in violation of Title

24  18, United States Code, Section 924(c)(1)(A).

25  ///

26  ///

27  ///

28  ///

1  COUNT THIRTEEN:  [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine]

2      The Grand Jury further charges: T H A T

3                          JAMAR DEONTAE BARNES,

4  defendant herein, on or about May 16, 2019, at 723 Bedlow Drive, in the City of Stockton, County of

5  San Joaquin, State and Eastern District of California, did knowingly and intentionally possess with

6  intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of

7  methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code,

8  Section 841(a)(1).

9      The Grand Jury further charges: T H A T

10                         JAMAR DEONTAE BARNES,

11  defendant herein, committed this offense after a prior conviction for a serious drug felony had become

12  final, specifically, Possession with Intent to Distribute MDMA, in violation of 21 U.S.C. § 841(a)(1), on

13  or about March 31, 2008, in the Northern District of California, for which defendant served a term of

14  imprisonment of more than 12 months, and for which defendant's release from any term of

15  imprisonment, on or about April 24, 2011, was within 15 years of the commencement of the instant

16  offense.

17  COUNT FOURTEEN:  [21 U.S.C. § 841(a)(1) – Manufacture of Methamphetamine]

18      The Grand Jury further charges: T H A T

19
20                    JAMAINE DONTAE BARNES, and
                      KADRENA LATRICE WATTS,

21  defendants herein, beginning no later than on or about April 20, 2019, and continuing through on or

22  about May 16, 2019, at 1139 Parma Road, in the City of Stockton, County of San Joaquin, State and

23  Eastern District of California, did knowingly and intentionally manufacture methamphetamine, a

24  Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

25  ///

26  ///

27  ///

28  ///

1  COUNT FIFTEEN:  [21 U.S.C. § 860a – Manufacture of Methamphetamine on a Premises where
2                            Children Reside]

3       The Grand Jury further charges: T H A T

4                        JAMAINE DONTAE BARNES, and
5                        KADRENA LATRICE WATTS,

6  defendants herein, beginning no later than on or about April 20, 2019, and continuing through on or

7  about May 16, 2019, at 1139 Parma Road, in the City of Stockton, County of San Joaquin, State and

8  Eastern District of California, did knowingly and intentionally manufacture methamphetamine, a

9  Schedule II Controlled Substance, on premises in which an individual who was under the age of 18

10  years resided, in violation of Title 21, United States Code, Section 860a.

11  COUNT SIXTEEN:  [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine]

12       The Grand Jury further charges: T H A T

13                        CHEVELE BERNARD RICHARDSON,

14  defendant herein, on or about May 16, 2019, at 411 S. Stanislaus, Apartment J205, in the City of

15  Stockton, County of San Joaquin, State and Eastern District of California, did knowingly and

16  intentionally possess with intent to distribute at least 50 grams of a mixture or substance containing a

17  detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21,

18  United States Code, Section 841(a)(1).

19  COUNT SEVENTEEN:  [18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug
20                              Trafficking Crime]

21       The Grand Jury further charges: T H A T

22                        CHEVELE BERNARD RICHARDSON,

23  defendant herein, on or about May 16, 2019, at 411 S. Stanislaus, Apartment J205, in the City of

24  Stockton, County of San Joaquin, State and Eastern District of California, did, in furtherance of a drug

25  trafficking crime that can be prosecuted in a Court of the United States, specifically, possession with

26  intent to distribute methamphetamine, as alleged in Count Sixteen of this Superseding Indictment,

27  knowingly possess a firearm, specifically, a Glock Model 17 with serial number BDKD685, in violation

28  of Title 18, United States Code, Section 924(c)(1)(A).

INDICTMENT                                          8

1  COUNT EIGHTEEN:  [18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm]

2  The Grand Jury further charges: T H A T

3  JAMAINE DONTAE BARNES,

4  defendant herein, on or about May 16, 2019, in the County of San Joaquin, State and Eastern District of

5  California, knowing that he had been convicted of a crime punishable by a term of imprisonment

6  exceeding one year, specifically:

7  (1) Possession of a Controlled Substance, in violation of California Health and Safety Code

8  Section 11350, on or about September 3, 2003, in San Mateo County, California;

9  (2) Transportation or Sale of a Controlled Substance, in violation of California Health and Safety

10  Code Section 11352, on or about June 7, 2005, in San Mateo County, California;

11  (3) Possession or Purchase of Cocaine Base for Sale, in violation of California Health and Safety

12  Code Section 11351.5, on or about June 7, 2005, in San Mateo County, California;

13  (4) Grand Theft, in violation of California Penal Code Section 487, on or about November 10,

14  2005, in Santa Clara County, California;

15  (5) Prohibited Person Owning Ammunition, in violation of California Penal Code Section 12316,

16  on or about February 9, 2011, in Solano County, California;

17  (6) Perjury, in violation of 18 U.S.C. § 1623, on or about April 12, 2010, in the Northern District

18  of California;

19  (7) Concealing a Person from Arrest, in violation of 18 U.S.C. § 1071, on or about June 14,

20  2010, in the Northern District of California; and

21  (8) Possession or Purchase for Sale of a Controlled Substance, in violation of California Health

22  and Safety Code Section 11351, on or about August 30, 2010, in Alameda County, California;

23  did knowingly possess a firearm, specifically:

24  (1) a .40 caliber Ruger P94 handgun, with serial number 341-45374;

25  (2) a PLR-16 5.56mm KEL-TEC CNC INC, with serial number PB590; and

26  (3) a BERSA Thunder .380 caliber handgun, with serial number 809050;

27  in and affecting commerce, in that said firearm had previously been transported in interstate and foreign

28  commerce, in violation of Title 18, United States Code, Section 922(g)(1).

INDICTMENT

9

1  COUNT NINETEEN:  [18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm]

2      The Grand Jury further charges: T H A T

3                    KAVIEO DAESHAUN LEE WILEY,

4  defendant herein, on or about May 16, 2019, in the County of San Joaquin, State and Eastern District of

5  California, knowing that he had been convicted of a crime punishable by a term of imprisonment

6  exceeding one year, specifically, Possession of a Stolen Vehicle, in violation of California Penal Code

7  Section 496d, on or about March 19, 2015, in San Joaquin County, California, did knowingly possess a

8  firearm, specifically:

9      (1) a .40 caliber Ruger P94 handgun, with serial number 341-45374; and

10     (2) a PLR-16 5.56mm KEL-TEC CNC INC, with serial number PB590;

11  in and affecting commerce, in that said firearm had previously been transported in interstate and foreign

12  commerce, in violation of Title 18, United States Code, Section 922(g)(1).

13  COUNT TWENTY:  [18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm]

14     The Grand Jury further charges: T H A T

15                   CHEVELE BERNARD RICHARDSON,

16  defendant herein, on or about May 16, 2019, in the County of San Joaquin, State and Eastern District of

17  California, knowing that he had been convicted of a crime punishable by a term of imprisonment

18  exceeding one year, specifically:

19     (1) Second Degree Robbery, in violation of California Penal Code Section 211, on or about May

20     22, 2006, in Alameda County, California; and

21     (2) Prohibited Person Owning Ammunition, in violation of California Penal Code Section

22     30305(a)(1), on or about December 18, 2012, in Alameda County, California;

23  did knowingly possess a firearm, specifically, a Glock Model 17 with serial number BDKD685, in and

24  affecting commerce, in that said firearm had previously been transported in interstate and foreign

25  commerce, in violation of Title 18, United States Code, Section 922(g)(1).

26  ///

27  ///

28  ///

INDICTMENT                                 10

COUNTS TWENTY-ONE THROUGH TWENTY-FOUR: [18 U.S.C. § 1956(a)(2)(A) – Money Laundering]

The Grand Jury further charges: T H A T

JAMAINE DONTAE BARNES,

defendant herein, on or about the dates set forth below, in the County of San Joaquin, State and Eastern District of California, did knowingly and intentionally transmit and transfer funds from a place in the United States to or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, specifically, engaging in a continuing criminal enterprise, in violation of Title 21, United States Code, Section 848, as alleged in Count One of this Superseding Indictment, Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Fentanyl, Methamphetamine, Heroin, and U-47700, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as alleged in Count Two of this Superseding Indictment, and Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute *N*-ethylpentylone and U-47700, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as alleged in Count Three of this Superseding Indictment, as follows:

| Count | Date | Amount | Western Union Payment Number | Origin | Destination |
|---|---|---|---|---|---|
| 21 | September 27, 2015 | $595 | 5460400281 | United States | China |
| 22 | November 10, 2015 | $1,300 | 4043338446 | United States | China |
| 23 | April 7, 2016 | $350 | 6258970363 | United States | China |
| 24 | April 18, 2016 | $1,800 | 7187700496 | United States | China |

All in violation of Title 18, United States Code, Sections 2 and 1956(a)(2)(A).

COUNT TWENTY-FIVE: [21 U.S.C. §§ 846, 841(a)(1) – Attempt to Possess with Intent to Distribute a Controlled Substance]

The Grand Jury further charges: T H A T

LAMONT MONTEZ THIBODEAUX,

defendant herein, on or about May 8, 2019, in San Joaquin County, State and Eastern District of California, did attempt to possess with intent to knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

INDICTMENT

11

1  The Grand Jury further charges: T H A T

2  LAMONT MONTEZ THIBODEAUX,

3  defendant herein, committed this offense after he had been convicted of a felony drug offense that had

4  become final, specifically:

5  (1)  Manufacture or Delivery of a Controlled Substance, in violation of Texas Health and Safety

6  Code § 481.112(b), on or about June 5, 2003; and

7  (2)  Manufacture or Delivery of a Controlled Substance, in violation of Texas Health and Safety

8  Code § 481.112(d), on or about December 22, 2008.

9  COUNT TWENTY-SIX:  [21 U.S.C. § 843(b) - Use of a Communication Facility to Facilitate a Drug Trafficking Offense]

10  The Grand Jury further charges: T H A T

11  LAMONT MONTEZ THIBODEAUX,

12  defendant herein, on or about May 2, 2019, at approximately 8:19 p.m., in the State and Eastern District

13  of California, and elsewhere, did knowingly and intentionally use a communication facility in

14  committing, causing, and facilitating the commission of the felony offense alleged in Count Six of this

15  Superseding Indictment, in violation of Title 21, United States Code, Section 843(b).

16  COUNT TWENTY-SEVEN:  [21 U.S.C. § 843(b) - Use of a Communication Facility to Facilitate a Drug Trafficking Offense]

17  The Grand Jury further charges: T H A T

18  LAMONT MONTEZ THIBODEAUX,

19  defendant herein, on or about May 3, 2019, at approximately 3:16 a.m., in the State and Eastern District

20  of California, and elsewhere, did knowingly and intentionally use a communication facility in

21  committing, causing, and facilitating the commission of the felony offense alleged in Count Six of this

22  Superseding Indictment, in violation of Title 21, United States Code, Section 843(b).

23  FORFEITURE ALLEGATION:  [21 U.S.C. § 853(a), 18 U.S.C. §§ 924(d)(1), 982(a)(1), and 28 U.S.C. § 2461(c) - Criminal Forfeiture]

24

25  1.  Upon conviction of one or more of the offenses alleged in Counts One through Ten,

26  Thirteen through Sixteen, and Twenty-Five through Twenty-Seven of this Superseding Indictment,

27  defendants JAMAINE DONTAE BARNES, JAMAR DEONTAE BARNES, KAVIEO DAESHAUN

28  LEE WILEY, VINCENT ISAIAH PATTERSON, KADRENA LATRICE WATTS, CHEVELE

INDICTMENT                              12

1   BERNARD RICHARDSON, and LAMONT MONTEZ THIBODEAUX shall forfeit to the United

2   States pursuant to Title 21, United States Code, Section 853(a), the following property:

3            a.      All right, title, and interest in any and all property involved in violations of Title

4   21, United States Code, Sections 841(a)(1), 843(b), and 860a, or conspiracy to commit such offenses,

5   for which defendants are convicted, and all property traceable to such property, including the following:

6   all real or personal property, which constitutes or is derived from proceeds obtained, directly or

7   indirectly, as a result of such offenses; and all property used, or intended to be used, in any manner or

8   part to commit or to facilitate the commission of the offenses.

9            b.      A sum of money equal to the total amount of proceeds obtained as a result of the

10   offenses, or conspiracy to commit such offenses, for which defendants are convicted.

11      2.      Upon conviction of one or more of the offenses alleged in Counts Eleven, Twelve, and

12   Seventeen through Twenty of this Superseding Indictment, defendants JAMAINE DONTAE BARNES,

13   KAVIEO DAESHAUN LEE WILEY, VINCENT ISAIAH PATTERSON, and CHEVELE BERNARD

14   RICHARDSON shall forfeit to the United States pursuant to Title 18, United States Code, Section

15   924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in

16   or used in the knowing commission of the offenses.

17      3.      Upon conviction of one or more of the offenses alleged in Counts Twenty-One through

18   Twenty-Four of this Superseding Indictment, defendant JAMAINE DONTAE BARNES, shall forfeit to

19   the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and

20   personal, involved in such offenses, and any property traceable to such property, including but not

21   limited to the following:

22            a.      A sum of money equal to the amount of money involved in the offenses, for

23   which defendant is convicted.

24      4.      If any property subject to forfeiture, as a result of the offenses alleged in Counts One

25   through Twenty-Seven of this Superseding Indictment, for which defendants are convicted:

26            a.      cannot be located upon the exercise of due diligence;

27            b.      has been transferred or sold to, or deposited with, a third party;

28            c.      has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.


A TRUE BILL.


**/s/ Signature on file w/AUSA**
FOREPERSON


MCGREGOR W. SCOTT
United States Attorney

## United States v. Jamaine Dontae Barnes, et al.
### Penalties for Superseding Indictment

**Defendants**
JAMAINE DONTAE BARNES,
JAMAR DEONTAE BARNES,
KAVIEO DAESHAUN LEE WILEY,
VINCENT ISAIAH PATTERSON,
KADRENA LATRICE WATTS,
CHEVELE BERNARD RICHARDSON,
LAMONT MONTEZ THIBODEAUX

**COUNT 1:**       **Jamaine BARNES**

VIOLATION:       21 U.S.C. § 848 – Continuing Criminal Enterprise

PENALTIES:       Mandatory minimum of 20 years in prison and a maximum of up to life in
                 prison; or
                 Fine of up to $2,000,000; or both fine and imprisonment
                 Supervised release of up to five years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 2:**       **Jamaine BARNES, Jamar BARNES, Kavieo WILEY, Vincent
                 PATTERSON, Kadrena WATTS, Chevele RICHARDSON**

VIOLATION:       21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture, Distribute, and
                 Possess with Intent to Distribute Fentanyl, at least 500 grams of a mixture or
                 substance containing Methamphetamine, Heroin, and U-47700

PENALTIES:       Mandatory minimum of 10 years in prison and a maximum of up to life in
                 prison; or
                 Fine of up to $10,000,000; or both fine and imprisonment
                 Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 3:**      **Jamaine BARNES**

VIOLATION:      21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture, Distribute, and Possess with Intent to *N*-ethylpentylone and U-47700

PENALTIES:      Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 4:**      **Jamaine BARNES**

VIOLATION:      21 U.S.C. § 841(a)(1) – Distribution of Fentanyl

PENALTIES:      Up to 20 years in prison; or
Fine of up to $1,000,000; or both fine and imprisonment
Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 5:**      **Jamaine BARNES**

VIOLATION:      21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute at least 50 grams of a Mixture or Substance Containing Methamphetamine

PENALTIES:      Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 6:**     **Jamaine BARNES, Vincent PATTERSON**

VIOLATION:     21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute at least 50 grams of a Mixture or Substance Containing Methamphetamine

PENALTIES:     Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 7:**     **Jamaine BARNES, Kavieo WILEY**

VIOLATION:     21 U.S.C. § 841(a)(1) – Distribution of at least 50 grams of a Mixture or Substance Containing Methamphetamine

PENALTIES:     Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 8:**     **Jamaine BARNES, Kavieo WILEY**

VIOLATION:     21 U.S.C. § 841(a)(1) – Distribution of at least 500 grams of a Mixture or Substance Containing Methamphetamine

PENALTIES:     Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 9:**   **Jamaine BARNES, Kavieo WILEY, Vincent PATTERSON**

VIOLATION:  21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute at least 500 grams of a Mixture or Substance Containing Methamphetamine

PENALTIES:  Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 10:**  **Jamaine BARNES, Kavieo WILEY**

VIOLATION:  21 U.S.C. § 860a - Possession with Intent to Distribute Methamphetamine on a Premises where Children Reside

PENALTIES:  Not more than 20 years in prison, but any prison term will run consecutive to any other sentence imposed; or
Fine of up to $250,000; or both fine and imprisonment
A three-year term of supervised release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 11:**  **Jamaine BARNES, Kavieo WILEY, Vincent PATTERSON**

VIOLATION:  18 U.S.C. §§ 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime

PENALTIES:  Mandatory minimum of 5 years in prison and a maximum of up to life in prison, and any sentence imposed for a violation of this section shall run consecutively to any other term of imprisonment imposed;
Fine of up to $250,000, or both fine and imprisonment;
Term of Supervised release of up to five years.

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 12:**      **Jamaine BARNES**

VIOLATION:      18 U.S.C. §§ 924(c)(1)(A) – Possession of a Firearm in Furtherance of a
Drug Trafficking Crime

PENALTIES:      Mandatory minimum of 5 years in prison and a maximum of up to life in
prison, and any sentence imposed for a violation of this section shall run
consecutively to any other term of imprisonment imposed;
Fine of up to $250,000, or both fine and imprisonment;
Term of Supervised release of up to five years.

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 13:**      **Jamar BARNES**

VIOLATION:      21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute at least 500
grams of a Mixture or Substance Containing Methamphetamine

PENALTIES:      Mandatory minimum of 10 years in prison and a maximum of up to life in
prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 14:**      **Jamaine BARNES, Kadrena WATTS**

VIOLATION:      21 U.S.C. § 841(a)(1) – Manufacture of Methamphetamine

PENALTIES:      Up to 20 years in prison; or
Fine of up to $1,000,000; or both fine and imprisonment
Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 15:**      **Jamaine BARNES, Kadrena WATTS**

VIOLATION:        21 U.S.C. § 860a – Manufacture of Methamphetamine on a Premises
where Children Reside

PENALTIES:        Not more than 20 years in prison, but any prison term will run consecutive
to any other sentence imposed; or
Fine of up to $250,000; or both fine and imprisonment
A three-year term of supervised release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 16:**      **Chevele RICHARDSON**

VIOLATION:        21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute at least 50
grams of a Mixture or Substance Containing Methamphetamine

PENALTIES:        Mandatory minimum of 5 years in prison and a maximum of up to 40 years
in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 17:**      **Chevele RICHARDSON**

VIOLATION:        18 U.S.C. §§ 924(c)(1)(A) – Possession of a Firearm in Furtherance of a
Drug Trafficking Crime

PENALTIES:        Mandatory minimum of 5 years in prison and a maximum of up to life in
prison, and any sentence imposed for a violation of this section shall run
consecutively to any other term of imprisonment imposed;
Fine of up to $250,000, or both fine and imprisonment;
Term of Supervised release of up to five years.

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 18:**        **Jamaine BARNES**

VIOLATION:        18 U.S.C. § 922(g) - Felon in possession of firearm

PENALTIES:        Not more than 120 months,
Not more than $250,000 fine or both
A three-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 19:**        **Kavieo WILEY**

VIOLATION:        18 U.S.C. § 922(g) - Felon in possession of firearm

PENALTIES:        Not more than 120 months,
Not more than $250,000 fine or both
A three-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 20:**        **Chevele RICHARDSON**

VIOLATION:        18 U.S.C. § 922(g) - Felon in possession of firearm

PENALTIES:        Not more than 120 months,
Not more than $250,000 fine or both
A three-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNTS 21-24**:        **Jamaine BARNES**

VIOLATION:        18 U.S.C. §§ 1956(a)(2)(A) – Money Laundering

PENALTIES:        Up to 20 years in prison;
Fine of up to $500,000 or twice the value of the monetary instrument or
funds involved, whichever is greater;
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 25:**     **Lamont THIBODEAUX**

VIOLATION:     21 U.S.C. §§ 841(a)(1) and 846 – Attempt to Possess with Intent to
Distribute a Controlled Substance

PENALTIES:     Up to 4 years in prison; or
Fine of up to $200,000; or both fine and imprisonment
A one-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNTS 26-27:**     **Lamont THIBODEAUX**

VIOLATION:     21 U.S.C. § 843(b) - Use of Communication Facility to Facilitate a Drug
Trafficking Offense

PENALTIES:     Not more than 48 months,
Not more than $100,000 fine or both
A one-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:     all Defendants**

VIOLATION:     21 U.S.C. § 853(a), 18 U.S.C. §§ 924(d)(1), 982(a)(1), and 28 U.S.C.
§ 2461(c) – Criminal Forfeiture

PENALTIES:     As stated in the charging document

*No.* 2:19-CR-0091 MCE

# UNITED STATES DISTRICT COURT

*Eastern District of California*
*Criminal Division*

## THE UNITED STATES OF AMERICA

**NO PROCESS NECESSARY**

*vs.*

JAMAINE DONTAE BARNES,
also known as "Twin," "Twin Rich," "Rych Twyn," and "Jamaine Daboss,"
JAMAR DEONTAE BARNES,
KAVIEO DAESHAUN LEE WILEY,
also known as "Clout,"
VINCENT ISAIAH PATTERSON,
KADRENA LATRICE WATTS,
CHEVELE BERNARD RICHARDSON,
also known as "Flipp," or "Flip," and
LAMONT MONTEZ THIBODEAUX,

*(handwritten)* as to
Jamaine Barnes
Jamar Barnes
Kavieo Wiley
Chevelle Richardson

**NO PROCESS NECESSARY**
*(handwritten)* - as to
Vincent Patterson
Kadrena Watts

**NO BAIL WARRANT PENDING HEARING**
*(handwritten)* as to
Lamont Thibodeaux

## S U P E R S E D I N G   I N D I C T M E N T

### VIOLATION(S):

21 U.S.C. § 848 – Continuing Criminal Enterprise;
21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Fentanyl, Methamphetamine, Heroin, and U-47700;
21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute N-ethylpentylone and U-47700;
21 U.S.C. § 841(a)(1) – Distribution of Fentanyl;
21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine (5 Counts);
21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine (2 Counts);
21 U.S.C. § 860a – Possession with Intent to Distribute Methamphetamine on a Premises where Children are Present and Reside (2 Counts);
18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime (3 Counts);
21 U.S.C. § 841(a)(1) – Manufacture of Methamphetamine;
18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm (3 Counts);
18 U.S.C. § 1956(a)(2)(A) – Money Laundering (4 Counts);
21 U.S.C. §§ 846, 841(a)(1) – Attempt to Possess with Intent to Distribute a Controlled Substance;
21 U.S.C. § 843(b) - Use of a Communication Facility to Facilitate a Drug Trafficking Offense (2 Counts);
21 U.S.C. § 853(a), 18 U.S.C. §§ 924(d)(1), 982(a)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

**/s/ Signature on file w/AUSA**

*Foreman.*

*Filed in open court this* **24th** *day*

*of* **October** *. A.D. 20* **19**

*Clerk.*

*Bail, $*

GPO 863 525

*(handwritten)* 10-24-19