McGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00091-MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| JAMAINE DONTAE BARNES, JAMAR DEONTAE BARNES, KAVIEO DAESHAUN LEE WILEY, VINCENT ISAIAH PATTERSON, KADRENA LATRICE WATTS, and CHEVELE BERNARD RICHARDSON, | DATE: June 18, 2020 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

On May 18, 2020, the Court continued the status conference scheduled for June 4, 2020, to June 18, 2020, on the Court's own motion. ECF No. 209. The minute order "encouraged [the parties] to file a Notice of Exclusion of Time if amenable and applicable." *Id.* By this stipulation, the parties now move to continue the status conference to September 3, 2020, and to exclude time between June 4, 2020, and September 3, 2020, under Local Codes T2 and T4, for the reasons set forth below.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on June 18, 2020.

2. By this stipulation, defendants now move to continue the status conference until September 3, 2020, and to exclude time between June 4, 2020, and September 3, 2020, under Local Codes T2 and T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case to date includes more than 13,500 pages of investigative reports, photographs, affidavits, and other documents; approximately 470 recorded phone calls intercepted pursuant to the Title III wiretap; and other video and audio recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) On or about January 27, 2020, attorney Mark Reichel was appointed as new counsel of record for defendant Jamaine Barnes.

   c) On or about April 24, 2020, the government produced more than 375 pages of new discovery, consisting of investigative reports and other documents, as well as audio recordings.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

     d)     Counsel for defendants need the additional time between June 4, 2020 and September 3, 2020 to review the discovery in this case, to conduct investigation, to consult with their clients, and to otherwise prepare for trial.

     e)     Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

     f)     The government does not object to the continuance.

     g)     In addition, as was previously found at defendants' arraignments on the Indictment (ECF Nos. 49, 66, 84), and in this Court's August 20, 2019 Order (ECF No. 112), October 29, 2019 Order (ECF No. 134), and January 21, 2020 Order (ECF No. 155), this case is "complex" within the meaning of 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T2], based on the number of defendants, and the existence of a Title III wiretap resulting in hundreds of recorded conversations.

     h)     In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel for some defendants are in high-risk categories for COVID-19, as recognized by the Centers for Disease Control.

     i)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

     j)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 4, 2020 to September 3, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] and 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T2] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 4, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ DAVID W. SPENCER
DAVID W. SPENCER
Assistant United States Attorney

Dated: June 4, 2020

/s/ Mark J. Reichel
Mark J. Reichel
Counsel for Defendant
JAMAINE DONTAE BARNES

Dated: June 4, 2020

/s/ Etan Zaitsu
Etan Zaitsu
Counsel for Defendant
JAMAR DEONTAE BARNES

Dated: June 4, 2020

/s/ Christopher R. Cosca
Christopher R. Cosca
Counsel for Defendant
KAVIEO DAESHAUN LEE WILEY

Dated: June 4, 2020

/s/ Dina L. Santos
Dina L. Santos
Counsel for Defendant
VINCENT ISAIAH PATTERSON

Dated: June 4, 2020

/s/ John R. Manning
John R. Manning
Counsel for Defendant
KADRENA LATRICE WATTS

Dated: June 4, 2020

/s/ Tasha P. Chalfant
Tasha P. Chalfant
Counsel for Defendant
CHEVELE BERNARD RICHARDSON

IT IS SO ORDERED.

Dated: June 8, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE